IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrick Antonie Gatson, ) | C/A No. 0:14-830-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of South Carolina; Civil Records Clerk of ) | |
| Court Richland County; The Attorney General, ) | |
| State of South Carolina; Columbia Police ) | |
| Department; Tommy Thomas, Investigator; ) | |
| Walt Bales, Investigator; Harry C. Depow; ) | |
| Curtis Murph, Attorneys at Trial, Brooks Law ) | |
| Firm; Warren B. Giese; R. Knox McMahon; ) | |
| August Swart, Solicitors, Richland County ) | |
| Judicial Center; John W. Kittredge, Judge, ) | |
| Richland County Judicial Center, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Derrick Antonie Gatson ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is an inmate at McCormick Correctional Institution ("MCI"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.      Factual and Procedural History**

The Complaint alleges that Plaintiff was arrested by Columbia Police Department Investigators Tommy Thomas and Walt Bales on April 25, 1996, and that Curtis Murph and Harry C. Depow represented Plaintiff during the state criminal proceedings. (ECF No. 1 at 3.) The

Complaint asserts that Plaintiff submitted motions for a preliminary hearing and bond reduction to his attorneys and the Richland County Clerk of Court in November of 1996, resulting in a "hearing for notice of motion and bond reduction" on December 20, 1996. (Id.)  Warren B. Giese, R. Knox McMahon, and August Swart are named in the Complaint as the Solicitors who prosecuted Plaintiff's case in state court. (Id. at 3–4.)  The Complaint indicates that Judge John W. Kittredge sentenced Plaintiff to life imprisonment in May of 1997, and that Plaintiff unsuccessfully appealed his conviction in state court. (Id.)  The Complaint further states that Plaintiff has failed to attain relief from his conviction and sentence via a state or federal writ of habeas corpus. (Id.)  Plaintiff's Complaint seeks monetary damages and an order vacating his state sentence.[1] (Id. at 5.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v.

---

[1] To the extent Plaintiff seeks release from confinement, such relief is not available under § 1983.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).



B.   Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

1.   Eleventh Amendment immunity

Plaintiff names the State of South Carolina as a defendant in this action.  (ECF No. 1 at 1.) The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  See Alden v. Maine, 527 U.S. 706, 712–13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890).  While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[2]   Therefore, Plaintiff's claims against the State of South Carolina are barred by the Eleventh Amendment.  As such, the State is entitled to summary dismissal from this action.

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court.  S.C. Code Ann. § 15-78-20(e).



### 2. Judicial immunity

The Complaint also sues the Honorable John W. Kittredge, the state court judge who sentenced Plaintiff. (ECF No. 1 at 3.) It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, Mireless, 502 U.S. at 11, Defendant Kittredge is entitled to summary dismissal from the instant case for claims associated with his judicial rulings in Plaintiff's state criminal proceedings.

### 3. Quasi-judicial immunity

Plaintiff also names the Richland County Civil Records Clerk of Court for the apparent denial of motions in state criminal proceedings. (ECF No. 1 at 3.) The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]' " Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); see also Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (overruling McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972), which held that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings). As the Civil Records Clerk of Court for

Richland County is protected by quasi-judicial immunity from Plaintiff's claims associated with the denial of state court motions, this defendant should be summarily dismissed from this action.

### 4.     Prosecutorial Immunity

Plaintiff alleges claims of malicious prosecution by Solicitors Warren B. Giese, R. Knox McMahon, and August Swart. (ECF No. 1 at 3–4.) The Complaint further lists the Attorney General for the State of South Carolina as a defendant. (Id. at 1.)  However, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings.  See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Thus, Plaintiff's claims associated with the prosecution of his criminal charges in state court by Defendants Giese, McMahon, Swart or the South Carolina Attorney General are barred from suit under § 1983.  Therefore, these defendants are entitled to summary dismissal from the case.

### 5.     No "state action" under § 1983

Plaintiff appears to allege ineffective assistance of counsel by his defense attorneys, Harry C. Depow and Curtis Murph, who are allegedly employed by Brooks Law Firm. (ECF No. 1 at 2–4.) An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317–24 nn.8–16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155–56 nn.2–3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney).  Thus, the Complaint's § 1983 claims based on unconstitutional representation of Plaintiff in state court proceedings by Defendants Depow and Murph are subject to summary dismissal.

### 6. Not a "person" under § 1983

Plaintiff also lists the Columbia Police Department as a defendant in this action. (ECF No. 1 at 1.)  However, it is well settled that only "persons" may act under color of state law, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978), and the Columbia Police Department is not a person amenable to suit under § 1983.  See Howell v. Taylor, C/A No. 3:13-2111-JFA-PJG, 2013 WL 6240518, at *1 (D.S.C. Dec. 3, 2013) (collecting cases); Terrell v. City of Harrisburg Police Dep't, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) ("police departments operated by municipalities are not 'persons' amenable to suit under § 1983").  Further, the Columbia Police Department is not an independent entity subject to suit under § 1983.  See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985) (finding the Denver Police Department not a separate suitable entity); McNeil v. Rock Hill Police Dep't, C/A No. 0:12-1933-CMC-SVH, 2012 WL 6863917, at *2 (D.S.C. Dec. 27, 2012), adopted by 2013 WL 168050 (D.S.C. Jan. 16, 2013).  Because the Columbia Police Department is not a separate entity or a person amenable to suit under § 1983, this defendant should be summarily dismissed from this action.

### 7. False arrest; malicious prosecution; false imprisonment

Plaintiff alleges a false arrest by Tommy Thomas and Walt Bales and malicious prosecution/false imprisonment by all defendants.  In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.  Further, to the extent the Constitution may recognize a right to be free from malicious prosecution, see Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir. 2009), a plaintiff must



demonstrate seizure " 'pursuant to legal process that was not supported by probable cause and [ ] that the criminal proceedings have terminated in plaintiff's favor.' " Durham v. Horner, 690 F.3d 183, 188 (4th Cir. 2012) (quoting Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005)).

In this case, a favorable determination on the merits of Plaintiff's claims would require a finding that his conviction is invalid, and Plaintiff indicates that he has not successfully challenged this conviction. (ECF No. 1 at 4.) Because Plaintiff does not demonstrate that the criminal proceedings stemming from the defendants' actions terminated in his favor, Plaintiff's claims against Defendants Thomas and Bales for false arrest, malicious prosecution and false imprisonment are subject to summary dismissal. As indicated above, the remaining defendants are protected by immunity from Plaintiff's malicious prosecution/false imprisonment claims, or are not proper defendants in a § 1983 action.

### 8. State law claims

Plaintiff's federal claims are recommended for summary dismissal. Therefore, the district court should decline to exercise supplemental jurisdiction over Plaintiff's legal malpractice claim (ECF No. 1 at 5), or any other state law causes of action raised in the Complaint. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1996); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

PJG

### III.     Conclusion and Recommendation

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 14, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).